**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3261-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES LEROY BAXTER,

      Defendant-Appellant.

_____

        Submitted October 15, 2020 – Decided December 10, 2020

        Before Judges Whipple and Rose.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 90-01-0093.

        James Baxter, appellant pro se.

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Narline Casimir, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

      Defendant James Baxter appeals pro se from a March 12, 2019, trial court

order denying his motions to compel discovery, for removal to federal court, to

correct an illegal sentence and assign counsel, as well as the denial of his petition for post-conviction relief (PCR) and his amendments to his petition. We affirm for the reasons stated by Judge Timothy Lydon in his written decision.

Defendant was convicted by a jury in 1991 with first-degree murder, N.J.S.A. 2C:11-3(a)(1); felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1 and 2C:2-6; third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) and 2C:2-6; and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) and 2C:2-6. He was sentenced to an aggregate term of life imprisonment with a thirty-year term of parole ineligibility, and an additional concurrent sentence of twenty years with ten years of parole ineligibility. We affirmed his conviction on direct appeal, and the Supreme Court denied certification. State v. Baxter, 134 N.J. 568 (1993). Defendant filed a PCR petition, which was denied and affirmed on appeal, and the Supreme Court denied certification. State v. Baxter, 161 N.J. 335 (1999).

Defendant filed this second petition for PCR and moved for a new trial in September 2018, asserting newly-discovered evidence. The newly-discovered evidence was that a cooperating witness, Ronald Granville, had a pending indictment undisclosed at the time of trial that could have been used by defendant during cross-examination to undermine Granville's credibility. The

2

court denied defendant's second PCR petition as well as other requested relief in an omnibus order of March 12, 2019. Defendant's appeal herein only addresses the denial of his motion for a new trial and his motion to correct an illegal sentence. He argues the following:

> POINT I
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.
>
> POINT II
> THE TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO CORRECT AN ILLEGAL SENTENCE.

In his March 2019 written decision, Judge Lydon concluded defendant's arguments regarding Granville's undisclosed indictment are procedurally barred. The court concluded:

> In the amendment to your PCR, you raise a new ineffective assistance claim. You assert that your attorney "failed to make reasonable efforts to learn of the State's key witness' criminal history.". . . . You assert that "had the jury been informed of the suppressed pending indictments, full criminal history, and the sentence considerations Granville would be receiving for his testimony resulting in bias, it is 'reasonably probable' that the result of the proceeding would have been different.". . . . Your new ineffective assistance claim is procedurally barred. Under Rule 3:22-4, any PCR claim "that reasonably could have been raised in a prior proceeding" is barred from

A-3261-18T4

> assertion in a future proceeding. Your trial was held over [twenty-seven] years ago in February 1991. More than three years passed between your trial and the submission of your first PCR on August 31, 1994. You had an opportunity during this period of time to identify and substantiate any ineffective assistance claims against your attorney. In fact, your first PCR made several allegations of ineffective assistance, including the claim that your attorney failed to inform the court of a conflict of interest. You certainly could have raised your new ineffective assistance claims as a part of your first PCR. It is clear that your claim does not rest on a previously unknown "factual predicate." Rule 3:22-4. Instead, you simply contend that your trial attorney failed to explore Granville's alleged bias. Because you were in a position to assert this argument at a prior PCR proceeding, you are not permitted [to] pursue it in this subsequent petition.

The court also concluded defendant's claims regarding Granville were barred by Rule 3:22-4 because they could have been raised on direct appeal. The court stated defendant's arguments regarding Granville lacked substantive merit because "[i]n order to establish a Brady[1] violation the defense must demonstrate that (1) the prosecution failed to disclose the evidence, (2) the evidence was of a favorable character for the defense; and (3) the evidence was material. State v. Carter, 85 N.J. 300, 311 (1981)." The court further stated

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

4

defendant had not met the test to demonstrate the evidence had "the propensity to influence the outcome of the trial."

Finally, the court concluded defendant's assertions were not sufficient to meet the Strickland/Fritz[2] standard for ineffective assistance claims. Based on our review of the record, we discern no error requiring us to disturb the denial of the petition nor the denial of a motion for a new trial.

We also reject defendant's second argument regarding sentencing. Based on our review, the application of aggravating factor N.J.S.A. 2C:44-1(a)(1) did not render the sentence illegal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] State v. Fritz, 105 N.J. 42 (1987) (adopting the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984)).

A-3261-18T4